IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY QUICK | ) | CASE NO. 1:10CV1543 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| PAUL SMITH, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Kelly Quick filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against his lawyers, Paul Smith and Paul Kuzmins, County Prosecutors Francine Goldberg and William Mason and Plain Dealer employees Geraldine Goldberg and Susan Goldberg. When he filed this action, Quick was incarcerated in the Cuyahoga County Jail awaiting sentencing for his plea of guilty to pandering sexually oriented matter involving a minor in violation of R.C. 2907.322, possession of materials involving a minor in nude material or performance in violation of R.C. 2907.232, and possession of criminal tools in violation of R.C. 2923.24. *State of Ohio v. Quick*, Case No. CR-09-532205. In a rambling narrative of his experience involving his criminal case, he asserts that Defendants leaked and/or published sensitive information concerning his case and that his Fourth Amendment and *Miranda* rights were violated when his computer was confiscated.[1]

---

[1] In follow-up letters to the Court, Quick asserts that, after a psychiatric evaluation, he was diagnosed with schizophrenia, he was sentenced to community control with a condition of inpatient treatment in July, 2010 and that he is currently being treated at Northwest Correctional Institution "around Bowling Green." While he objects to most interactions he has had with the Court and his treating or evaluating doctors, the only claims asserted in this action are his claims regarding the disclosure of facts regarding his case and his vague Fourth Amendment and *Miranda* claims.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, 1999 WL 801562 * 2 (6th Cir. Sept. 28, 1999); *see also, Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Court of Appeals for the Sixth Circuit uses a two-pronged inquiry when assessing whether Rooker-Feldman bars a particular claim or cause of action. First, in order for the

Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding.  *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment."  *Catz*, 142 F.3d at 293.  The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself.  *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006).  Second, the Rooker-Feldman doctrine bars a district court from exercising jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case rather than a general constitutional challenge to the governing state law. *Id.*; *Tropf*, 289 F.3d at 937.

Plaintiff's Fourth Amendment, *Miranda* claims and ineffective assistance of counsel claims all relate to the conduct of his criminal case and assert objections that could and should be raised with the state court in the first instance. This Federal Court cannot act as a court of appeals as to state court decisions, even if Plaintiff alleges that state court proceedings were improper or unconstitutional. While a petitioner may seek habeas corpus relief pursuant to 28 U.S.C. § 2244 in connection with a state court conviction he alleges was in violation of his rights under the United States Constitution, he may only do so once all avenues for relief have been pursued in state court.

Accordingly, because Quick may not challenge the actions of the state court by way of an appeal to this Court and has not otherwise exhausted his state remedies, this Court lacks jurisdiction over his claims.

3

Defendant William Mason is the Cuyahoga County, Ohio Prosecutor and Francine Goldberg is an assistant prosecutor. Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that the prosecutor or assistant prosecutor were acting outside of the scope of their responsibilities, making them immune from suit.

Susan Goldberg and Geraldine Goldberg are identified as Cleveland Plain Dealer Editors. Presumably, Quick is alleging that these defendants published or caused to be published facts about his case which he believes should not have been made public. These individuals are not state actors, however, such that claims against them are not cognizable under § 1983.

Finally, claims under *Miranda v. Arizona*, 384 U.S. 436 (1966), are claims asserting grounds for exclusion of evidence in a criminal proceeding; they do not provide a basis for a civil damage claim under § 1983. *Chavez v. Martinez*, 538 U.S. 760, 772 (2003);*Warren v. City of Lincoln, Neb*. 864 F.2nd 1436, 1442 (8th Cir. (1989); *Sutherland v. Mizer*, 625 F. Supp.2nd 492, 502 (E.D. Mich., 2008). To the extent Plaintiff at some point could assert a Fourth Amendment claim under § 1983, he has not named any individuals against whom such a claim could conceivably asserted.

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A. The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                            **s/ Kathleen M. O'Malley**
                                            JUDGE KATHLEEN M. O'MALLEY
                                            UNITED STATES DISTRICT JUDGE

DATED: September 30, 2010